Day, C. J.
In the determination of this case, three questions are presented for our consideration.
1. Was the case one of which the district court could obtain jurisdiction by appeal ?
This depends upon whether, under the statute, either party had the right “to demand a trial by jury.” S. & C. Stat. 1157. That *8 right is secured to parties, as to all “ issues of fact arising in action® for the recovery of money, or of specific real or personal ¡property.” S. & C. Stat. 1020.
The ultimate purpose of the action was, undoubtedly, the recovery of money. But the case made in both the petition and cross-petition is not one where a money judgment, merely, is sought by one party against another. In both, one party is seeking to recover against several parties, in a case where, though they are mutually liable, each one stands upon his own individual right, and a joint judgment can not be rendered against them.
The liabilities existing between co-sureties are always to be settled upon principles of equity and justice. From the nature of the case, each party is entitled to an account, to determine cither the fact, or extent, of his liability. In a suit by one against several co-sureties, the object of the action is to enforce an account to determine the equities between them, and, without a multiplicity of actions, to settle the respective rights of each in one case, and, as a result of the settlement, to obtain such orders and judgments as may be equitable and just between the parties.
Looking to the pleadings in this case, we think it was not, within the meaning of the statute, an action for the recovery of money, in such a sense as to give either party the right to demand a trial by jury; and that, therefore, the case was appealable to the district court.
2. Is the plaintiff estopped from availing himself of the defense set up in his reply ?
This is claimed to be the case, by virtue of the proceedings *in Knox county, to which the plaintiff was a party. It is [8 true that the court found in that case that the property of Parks was sold, and that the full amount of the judgment was made upon the execution. But these findings were upon issues mado in a case between Cooper & Co. — the plaintiffs in the judgment of amercement — and the parties to this case who were co-defendants in that. These parties were not adversary parties in that case, nor were their respective rights against each other in controversy. The sheriff’s return might have a very different effect, as an item of evidence, between the parties to that case, from what it would have in the present ease between the sureties of the sheriff to determine their respective rights against each other. Moreover, the fraudulent conduct of the defendant, which is the gist of the reply, was *9 not in question in that case; and, if it had been, it would surely have been of doubtful availability to Parks. The plaintiff is not, therefore, estopped by the record pleaded in the answer, from availing himself of the matters stated in his reply.
3. Were the allegations in the reply a sufficient defense to the claim made in the answer and cross-petition ?
The rights of co-sureties stand upon the plainest principles of equity. Their right to contribution against each other arises when some have borne burdens that ought to be shared equally by all.
The demurrer admits the truth of the reply. It was the duty of the defendant to pay his own debt. He ought to have done it long before, and saved others harmless from it. Having done what he alone ought to do, he has no claim in equity to force his own duty upon another, and worse than none, when he asks that it may be •done upon grounds that he admits are founded in his own turpitude.
The judgment of the district court will be reversed, the demurrer overruled, and the cause remanded to the district court for further proceedings.
Brinkerhoff, Scott, White, and Welch, JJ., concurred.